IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DIANE PACKARD, the Executrix of the Estate of Edward A. Packard;<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN J. DARVEAU, JR., an Individual; FALLS CITY AREA FCJC, a Nebraska Non-Profit Corporation; CJS ENTERTAINMENT, INC., a Nebraska Corporation; CARICO FARMS, Incorporated, a Nebraska Corporation; and CORY SNETHEN, an individual;<br><br>Defendants. | 4:11CV3199<br><br>**MEMORANDUM AND ORDER** |

INTRODUCTION

Plaintiff, Diane Packard, ("Packard") has filed a wrongful death action against the defendants. The decedent, Edward A. Packard, was killed when the motorcycle he was operating collided with a pickup on U.S. Highway 73 near Falls City, Nebraska. The plaintiff's complaint alleges the accident was caused, at least in part, by highway congestion from vehicles approaching the annual Demolition and Tractor Pull event sponsored by Defendant Falls City Area FCJC ("FCJC"). The plaintiff claims the FCJC is responsible for Edward Packard's death because it knew the Demolition and Tractor Pull event would draw a crowd, and it "failed to properly control, regulate, direct, guide or warn of the danger of the traffic at or around the Intersection of the Event." Filing No. 68, at CM/ECF p. 7, ¶ 39.

Pending before me are the plaintiff's motion to compel the FCJC to complete its responses to the plaintiff's interrogatories, (Filing No. 72), and the FCJC's motion to compel full and complete discovery answers and responses from the plaintiff. (Filing No. 75). As explained below, both motions will be granted.

PLAINTIFF'S MOTION TO COMPEL
(Filing No. 72)

The parties' Rule 26(f) Report states "[t]he maximum number of interrogatories, including sub-parts, that may be served by any party on any other party is 45." The plaintiff served written discovery on the defendants, including 28 numbered interrogatories. The FCJC responded to the first 10 numbered interrogatories, but did not respond to any interrogatories thereafter because, by the FCJC's count, the first 10 interrogatories incorporated 45 actual questions. The FCJC raised no other objections to the unanswered interrogatories. The plaintiff moves for an order requiring the FCJC to answer the plaintiff's remaining interrogatories. (Filing No. 72).

Plaintiff's counsel states, "[i]t was unforeseen by Plaintiff's counsel that defense counsel would count every single conjunction as if it constituted a new sub-part and/or new Interrogatory." Filing No. 72, at CM/ECF p. 3. The plaintiff explains "[t]he Interrogatories propounded to Defendant Jaycees were only 28 questions, which is extremely reasonable in light of the nature of the case." Filing No. 72, at CM/ECF p. 4.

When preparing a Rule 26(f) Report, parties are afforded the opportunity to mutually decide the limits of written discovery permitted in a case. If the parties can agree, as they did in this case, these decisions are made without any judicial involvement. So when the parties later ask the court to enforce their mutual agreement on discovery limitations, the court will interpret the language of the agreement, to the extent possible, consistent with the parties' implementation of that agreement.

The court begins by assuming all parties are conducting discovery consistent with their mutual agreement. The plaintiff states similar discovery was served on all of the defendants, and "none of the other Defendants have lodged any complaints regarding the number or amount of discovery requests. . . ." Filing No. 72, at CM/ECF p. 4. And using

the method the FCJC likely used to count the plaintiff's interrogatories,[1] the court has counted the interrogatories plus subparts served on the plaintiff by the FCJC, and has arrived at a count exceeding 100. Filing No. 83.

Based on the FCJC's interpretation of the interrogatory limit as exemplified by the discovery it served, and the conduct of the remaining defendants in responding to similar discovery without objecting to the number, the court concludes the parties did not intend to employ a highly technical counting of interrogatories plus subparts, opting instead to engage in good faith discovery to streamline the discovery process and obtain the underlying facts in cost-effective manner. The FCJC will be ordered to answer the plaintiff's unanswered interrogatories.

## DEFENDANT FCJC's MOTION TO COMPEL
(Filing No. 75)

Defendant FCJC has moved to compel the plaintiff to answer the FCJC's written discovery. (Filing No. 75). Plaintiff's response to the FCJC's discovery begins with the following litany of "General Objections:"

1. Plaintiff objects to the Interrogatories to the extent that they call for information that is exempt from discovery by virtue of the attorney-client privilege, work product-privilege or other applicable privilege.

2. Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad, imprecise or use terms that are subject to multiple interpretations or connotations but are not properly defined or explained for purposes of those requests.

---

[1] The court has reviewed the interrogatories and subparts for plaintiff's first ten interrogatories and arrived at a total of 39. The FCJC counted 45--a discrepancy which illustrates two points: 1) the court, employing a method it considered very liberal, did not reach the FCJC's' total count; and 2) counting interrogatories and subparts is a somewhat subjective endeavor.

3. Plaintiff objects to the Interrogatories to the extent they are not reasonably calculated to lead to the discovery of admissible evidence and are not relevant to the subject matter of this action.

4. Plaintiff objects to the Interrogatories to the extent they seek information or documents, or seek to impose obligations on Plaintiff, that exceed the requirements of the Federal Rules of Civil Procedure or any other applicable laws, rules, or procedures.

5. Plaintiff objects to the Interrogatories to the extent that such Interrogatories are overly broad, unduly burdensome, expensive, oppressive, or excessively time consuming as written.

6. Plaintiff will conduct a reasonable and diligent search of those files that are reasonably expected to contain the requested information. To the extent that the Interrogatories purport to require more, Plaintiff objects on the grounds that compliance would impose an undue burden or expense.

7. Plaintiff objects to the Interrogatories which seek to obtain "all," "each," or "every" document, item, or other such piece of information to the extent that such discovery is overly broad and unduly burdensome.

8. Plaintiff objects to the Interrogatories to the extent such Interrogatories seek to have Plaintiff create documents not in existence at the time of the request.

9. Plaintiff objects to the Interrogatories to the extent that such Interrogatories are not limited to any stated period of time or relate to a stated period of time that is longer than is relevant for purposes of the issues in this litigation, as such discovery is overly broad and unduly burdensome.

10. Plaintiff objects to the Interrogatories to the extent they seek information not within Plaintiff's possession, control, or custody or to the extent the Interrogatories request that Plaintiff provide information that Plaintiff does not maintain.

11. Plaintiff objects to the Interrogatories to the extent they are repetitive and overlapping and will only produce a document once, regardless of how may separate Interrogatories to which a document may be responsive.

> 12. Plaintiff objects to the Interrogatories to the extent that they seek information protected by the work-product doctrine and/or attorney-client privilege.
>
> 13. By responding to individual Interrogatories, Plaintiff makes no representation that any documents responsive to such request are in existence.
>
> The development of Plaintiff's positions and potentially responsive information to the Interrogatories is necessarily ongoing and continuing. Plaintiff expressly reserves the right to supplement or modify its discovery responses based on its ongoing inquiry.

Filing No. 76-1, at CM/ECF p. 1-2. Essentially the same "General Objections" were raised to the FCJC's three Requests for Productions. Filing No. 76-2, at CM/ECF p. 1-3. These "General Objections" were incorporated by reference in response to every interrogatory and production request.

As explained in Convertino v. U.S. Dept. of Justice, 565 F.Supp.2d 10 (D.D.C. 2008):

> The party objecting to discovery bears the burden of showing why discovery should not be permitted. A party objecting to a document request must "includ[e] the reasons" for the objection. Fed.R.Civ.P. 34(b)(2)(B). This requirement enables the requesting party to evaluate and determine whether to challenge the objection raised. When faced with general objections, the applicability of which to specific document requests is not explained further, this Court will not raise objections for the responding party, but instead will overrule the responding party's objection on those grounds.

Convertino, 565 F. Supp. 2d at 12-13 (internal citations omitted). See also Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.").

The plaintiff's general objections do not meet the specificity requirement of the federal rules. They are totally and summarily overruled without further comment.

The court will now review the individual interrogatories and production requests.

As to Interrogatories 1 and 2, which seek the names and contact information for witnesses or those with knowledge of the case:

> Plaintiff further objects to this Interrogatory on the ground and to the extent that it seeks or purports to require production of information that is already within Defendant's possession, custody, or control; or has previously been made available to Defendant either as part of another legal proceeding or through earlier discovery in this proceeding.

(Filing No. [76-1](#), at CM/ECF p. 2-3). The plaintiff has "answered over" the objection. The plaintiff's objection is overruled.

If the totality of the information requested by interrogatories 1 and 2 (including employment location and telephone number) has already been disclosed in the plaintiff's and/or the FCJC's mandatory disclosures, then the plaintiff can reference that information in answer to the interrogatories. However, as it stands now, the FCJC cannot know if the plaintiff has listed every potential witness responsive to interrogatories 1 and 2. The plaintiff must answer interrogatories 1 and 2.

Interrogatory 3 asks the plaintiff to disclose the names and addresses of anyone claiming the Defendant or Defendant's agents or employees made statements, and interrogatories 4 and 5 ask whether written or recorded statements have been obtained from anyone identified in interrogatories 1, 2, and 3, and if so, the name and address of the person whose statement was obtained, the name and address of the person who

obtained the statement, whether any recorded statements have been reduced to writing, and the identity of the person who had custody of the written or recorded statements.

The plaintiff has provided a vague answer to interrogatory 3, and claims interrogatories 3, 4, and 5 each seek "information protected by the work-product doctrine and/or attorney-client privilege." The identities of persons who provided statements, along with information on who took the statement and when, is not protected work product and, except for statements between the plaintiff and her attorney, is not protected by the attorney-client privilege. [Trustees of Plumbers and Steamfitters Local Union No. 43 Health and Welfare Fund v. Crawford, 573 F. Supp. 2d 1023 (E.D. Tenn. 2008)](). See also [Protective Nat. Ins. Co. of Omaha v. Commonwealth Ins. Co., 137 F.R.D. 267, 285 (D. Neb. 1989)]() (explaining that the information requested by the FCJC must be disclosed to the opposing party to assert attorney-client or work product protection).

The plaintiff's objections to interrogatories 3, 4, and 5 are overruled. The plaintiff must fully respond to these questions.

In answer to interrogatories 6 and 7, and request for production number 1, the plaintiff states she does not have any pictures other than those from the newspaper, Rule 26(f) disclosures, the FCJC, or Progressive Insurance. The plaintiff is not required to further respond to interrogatories 6 and 7, and request for production number 1, except to correct or promptly supplement as needed.

In answer to interrogatories 8 and 9, and request for production number 1, the plaintiff states the only diagrams or measurements she is aware of are those included in the accident report and a drawing done by Mr. Betts and provided to plaintiff's counsel by the FCJC, and she has provided "Attachment B" in response to request for production number 1. The plaintiff' is not required to further respond to interrogatories 6 and 7, and request for production number 1, except to correct or promptly supplement as needed.

The plaintiff has answered interrogatory 10, and by incorporating the decedent's medical records by reference, has sufficiently responded to interrogatories 12 through 14. Regarding disclosure of medical records, she objects to request for production number 2:

> [O]n the ground and to the extent that it seeks or purports to require production of information that is already within Defendant's possession, custody, or control, or has previously been made available to Defendant either as part of another legal proceeding or through earlier discovery in this proceeding.

Filing No. 76-2, at CM/ECF p. 4. The plaintiff then provides "Attachment A," regarding medical records and bills. The plaintiff has no valid objection to failing to disclose medical records. The plaintiff and counsel for the defendants shall confer and compare to make sure everyone has the same collection of medical records and billing documents and the parties shall exchange and supplemental documents as needed.

In response to interrogatory 11, the plaintiff reasserts the conclusory pain and suffering allegations of the complaint; in response to interrogatory 15, she explains her special damages (including funeral and burial expenses) are listed on an attached Exhibit B and anticipates an economic report will be provided; in response to interrogatory 20, she provided no information regarding special damages. As to all three of these interrogatories:

> Plaintiff further objects to [these interrogatories] on the grounds and to the extent that she has not completed her investigation relating to this action, has not completed discovery, and has not completed preparation for trial.

Filing No. 76-1, at CM/ECF p. 7; see also request for production number 3. The foregoing paragraph is an explanation, not an objection. Based on a review of the discovery responses of record, it appears Attachments A and B served by the plaintiff are responsive to interrogatories 15 and 20, but with "objections" included, the court cannot

determine that the responses are complete.  The plaintiff will provide full responses to interrogatories 11, 15, and 20, without including objections, and as required under the federal rules, shall correct or promptly supplement her responses as new information becomes available.

> Interrogatory 16 requests that the plaintiff:
>
> State whether the decedent had been treated at or confined to a hospital, medical clinic, x-ray laboratory, chiropractic clinic, physical therapy clinic, or other medical institution, either as an in-patient or out-patient, before the incident which is the subject matter of this litigation.

(Filing No. 76-1, at CM/ECF p. 9).   Interrogatory 17 requests detailed information regarding each treatment or confinement.  The plaintiff has provided no answer to interrogatories 16 and 17, objecting as follows:

> Plaintiff further objects to this Interrogatory on the grounds and to the extent that it is overly broad and/or unduly burdensome and seeks information that is irrelevant to the present dispute or is not reasonably calculated to lead to the discovery of admissible evidence.

(Filing No. 76-1, at CM/ECF p. 9).

The court overrules the plaintiff's relevancy objection.  The decedent's underlying health may have some bearing on the cause of the accident, and it will be considered when determining his life and work life expectancy, and the future income he may have earned.  Interrogatory 16 is, however, unlimited as to time or the severity of any medical problem for which the decedent sought treatment.  The plaintiff's "overly broad and/or unduly burdensome" objection is sustained, but the defendant may narrow and re-serve an interrogatory focusing on the topic in interrogatories 16 and 17 without regard to whether it has already exceeded the interrogatory number limit.

Interrogatories 18 and 19 are inapplicable to a deceased, rather than an injured, plaintiff. The plaintiff need not answer interrogatories 18 and 19.

Interrogatories 21 and 22 ask for information regarding the decedent's use of alcohol or drugs which can impair judgment within 24 hours prior to the accident. The plaintiff objects on relevancy grounds, but "answers over" the objection by stating "Decedent, to the best of Plaintiff's knowledge, had not consumed any alcoholic beverages or any other non-prescription medication prior to the accident. There is no evidence that Mr. Packard was impaired at the time of the accident." Filing No. [76-1](), at CM/ECF p. 11.

The relevancy objection to Interrogatories 21 and 22 is overruled. The plaintiff is required to fully answer the question for the 24-hour time period before the accident.

Interrogatories 23 and 24 asks for the name and address of expert witnesses the plaintiff expects to call at trial, and the subject matter, facts, opinion, and grounds for their opinions. The plaintiff responds that she has not completed investigation and discovery, will identify any expert witnesses she intends to call at trial pursuant to the scheduling Order of the Court and the Ohio Rules of Civil Procedure, and objects that responding to the interrogatory would violate the attorney-client privilege and work product doctrine. The identity of experts who will provide trial testimony is not confidential under the work product doctrine and attorney-client privilege. Moreover, this case is not governed by the Ohio Rules of Civil Procedure. The plaintiff's objections to Interrogatories 23 and 24 are overruled, and the plaintiff shall promptly answer, correct, and/or supplement her answer to this interrogatory.

Interrogatories 25 through 28 are contention interrogatories; that is, they ask the plaintiff to explain the basis for certain allegations within the complaint, along with the

name, address, and phone number of each person relied on to support that allegation. Filing No. 76-1, at CM/ECF pp. 12-14.

The plaintiff claims interrogatories 25 through 28 are "overly broad and/or unduly burdensome and vague." The plaintiff drafted and filed the complaint. Interrogatories 25 through 28 merely ask her to explain the facts, and the source of those facts, underlying the allegations. The interrogatories are not vague, and it is not unduly burdensome to answer them.

As to interrogatories 25, 26, and 28, the plaintiff claims she has not completed the investigation of this case, and the FCJC should conduct depositions instead of serving interrogatories if they want the information requested. The plaintiff cannot regulate the mechanism through which the FCJC conducts discovery, and she has raised no valid objection to interrogatories 25 through 28. The plaintiff's objections are overruled, and the plaintiff shall promptly answer, correct, and/or supplement her answers to interrogatories 25 through 28.

Interrogatories 29 through 31 request information regarding whether the plaintiff or the decedent received or applied for Medicare or Social Security benefits. The plaintiff objects that the interrogatories call for collateral source information, but answering over the objections, states no such benefits have been requested or received. The collateral source rule may apply to admissibility at trial, but the relevancy standard for discovery is much broader and includes anything which may lead to the discovery of relevant information. In this case, the collateral source information may also be relevant for determining any liens on any award or settlement in this case. The plaintiff's objections to Interrogatories 29 through 31 are overruled. The plaintiff will be required to answer these interrogatories, with objections eliminated, and shall promptly correct and/or supplement her answers, if needed, to interrogatories 29 through 31.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to compel the FCJC to provide full and complete responses to plaintiff's interrogatories, (Filing No. 72), is granted. The FCJC shall provide full and complete responses as set forth in this memorandum and order on or before October 9, 2012.

2) The FCJC's motion to compel full and complete discovery answers and responses from the plaintiff, (Filing No. 75), is granted as more fully set forth in this memorandum and order. Plaintiff shall provide full and complete responses as set forth in this memorandum and order on or before October 9, 2012.

September 25, 2012.

*(signature)*
United States Magistrate Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.