IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DIANE PACKARD, the Executrix of the Estate of Edward A. Packard, | ) ) ) | |
| Plaintiff, | ) ) | 4:11CV3199 |
| v. | ) ) | |
| STEVEN J. DARVEAU, JR., an Individual, FALLS CITY AREA JAYCEES, a Nebraska Non-Profit Corporation, CARICO FARMS, Incorporated, a Nebraska Corporation, and CORY SNETHEN, an individual, | ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT PURSUANT TO RULE 54(b) |
| Defendants. | ) | |

Citing Federal Rule of Civil Procedure 54(b), the plaintiff, Diane Packard, moves for the entry of a final judgment in favor of Falls City Area Jaycees (FCJC), Carico Farms Incorporated (Carico Farms), and Cory Snethen (Snethen). (ECF No. 134.) For the following reasons, the plaintiff's motion will be denied.

## I.   BACKGROUND

On July 17, 2012, the plaintiff filed a five-count third amended complaint against Steven J. Darveau, Jr. (Darveau), FCJC, Carico Farms, and Snethen. (See Third Am. Compl., ECF No. 68.) Count I, which is titled "Negligence," alleges that Darveau failed to exercise ordinary care while operating his pickup truck and thereby

1

caused a collision between his truck and a motorcycle driven by Edward A. Packard. (Id. ¶¶ 18-36.) The collision allegedly occurred at the intersection of U.S. Highway 73 and South 703 Loop in Richardson County, Nebraska. (Id. ¶¶ 18-22.) At the time of the collision, Darveau was driving to the FCJC's annual Demolition Derby and Tractor Pull (the Event), which was being held on land that had been leased to Snethen by Carico Farms. (Id. ¶¶ 12, 18-22.) The entrance gate to the Event was located "on the South 703 Loop, off of U.S. Highway 73." (Id. ¶ 14.) Darveau attempted to turn left onto South 703 Loop from southbound U.S. Highway 73 when he collided with Mr. Packard, who was traveling north on U.S. Highway 73. (Id. ¶¶ 19-22.) Mr. Packard suffered fatal injuries in the collision. (Id. ¶ 22.)

Count II, which is titled "Negligence of [FCJC]," alleges that FCJC "owed a duty of care to the public to keep the premises of the Event in a reasonably safe condition for the persons attending the Event and passing in close proximity to the Event and to create a safe entrance and exit to the Event." (Id. ¶ 38.) It also alleges that FCJC breached this duty by failing to "control, regulate, direct, guide, or warn of the danger of traffic at or around" the intersection where the collision occurred. (Id. ¶¶ 39.) In addition, it states, "As a direct and proximate result of [FCJC's] negligence in failing to keep the premises of the Event and the surrounding area and entrance in a reasonably safe condition, failing to warn drivers of the risk of physical harm at the Intersection and failing to direct and control traffic, [Mr. Packard] was severely injured, [and] said injuries eventually result[ed] in his untimely death." (Id. ¶ 41. See also id. ¶¶ 37-43.)

Count III, which is titled "Negligence of Carico Farms," and Count IV, which is titled "Negligence of Snethen," are analogous to Count II. (See id. ¶¶ 44-58.) Count V, which is titled "Wrongful Death," alleges that due to their negligence, each

of the defendants is liable to Mr. Packard and his survivors in accordance with Revised Statutes of Nebraska sections 30-809, 30-810, and 25-1401. (Id. ¶¶ 59-69.)

On August 29, 2012, Snethen filed a Rule 12(b)(6) motion to dismiss the plaintiff's claims, (ECF No. 91), and on September 26, 2012, FCJC moved for judgment on the pleadings, (ECF No. 96). In their motions, Snethen and FCJC argued that the plaintiff failed to state a claim against them upon which relief could be granted because neither Snethen nor FCJC had a legal duty to control traffic on the public roadway where the collision occurred. (See Snethen's Br. at 4, ECF No. 92; FCJC's Br. at 10, ECF No. 97.) I found this argument to be persuasive, and on December 6, 2012, I granted the defendants' motions. (See generally Mem. & Order, ECF No. 117. See also id. at 11 (finding that neither Snethen nor FCJC owed a "duty to control, regulate, direct, guide, or warn of the danger of the traffic at the Intersection where the collision occurred").) Then on December 12, 2012, Carico Farms filed its own motion for judgment on the pleadings. (ECF No. 118.) I granted this motion, stating, "For the reasons set forth in the Memorandum and Order of December 6, 2012, (ECF No. 117), I find that Carico Farms' motion for judgment on the pleadings must be granted." (Mem. & Order on Def. Carico Farms, Inc.'s Mot. for J. on the Pleadings at 4, ECF No. 131.)

As a result of these orders, all of the plaintiff's claims against Snethen, FCJC, and Carico Farms have been dismissed, and only the plaintiff's claims against Darveau remain viable.

## II. STANDARD OF REVIEW

Generally, "only orders that dispose of all claims [are considered] final and appealable under 28 U.S.C. § 1291." Williams v. County of Dakota, Nebraska, 687

3

F.3d 1064, 1067 (8th Cir. 2012) (alteration brackets and citation omitted). "Rule 54(b) creates a well-established exception to this rule by allowing a district court to enter a final judgment on some but not all of the claims in a lawsuit." Id. (quoting Clark v. Baka, 593 F.3d 712, 714 (8th Cir. 2010)). "However, the district court may enter final judgment under this rule 'only if the court expressly determines that there is no just reason for delay.'" Id. (quoting Fed. R. Civ. P. 54(b)).

"When deciding whether to grant Rule 54(b) certification, the district court must undertake a two-step analysis." Williams, 687 F.3d at 1067. First, the court must "determine that it is dealing with a final judgment . . . in the sense that it is an ultimate disposition of an individual claim." Id. (quoting Outdoor Central, Inc. v. GreatLodge.com, Inc., 643 F.3d 1115, 1118 (8th Cir. 2011)). "Second, 'in determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.'" Id. (quoting Outdoor Central, Inc., 643 F.3d at 1118 (alteration brackets omitted)). "Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Id. at 1067-68 (quoting Hayden v. McDonald, 719 F.2d 266, 268 (8th Cir. 1983)) (internal quotation marks omitted). Conversely, certification should not be granted merely because the resolved claims "'are in some sense separable from the remaining unresolved claims,'" or merely because there is "the potential for multiple trials . . . and . . . inconsistent jury verdicts involving the same incident." Huggins v. FedEx Ground Package System, Inc., 566 F.3d 771, 774 (8th Cir. 2009) (citations omitted). Put simply, interlocutory appeals are "generally disfavored," and "it is only the special case that warrants an immediate appeal from a partial resolution of the lawsuit." Williams, 687 F.3d at 1067 (quoting Clark, 593

4

F.3d at 714-15).

## III. ANALYSIS

Although the plaintiff's negligence claim against Darveau remains pending, the plaintiff asks that I enter final judgment in favor of Snethen, FCJC, and Carico Farms so that she may immediately appeal my orders dismissing those defendants from this action. (See generally Pl.'s Mot., ECF No. 134.)

The plaintiff's motion implicates Rule 54(b), and therefore I must undertake the two-step analysis described in Williams v. County of Dakota, Nebraska, 687 F.3d 1064, 1067-68 (8th Cir. 2012). The orders dismissing the plaintiff's claims against Snethen, FCJC, and Carico Farms are "ultimate disposition[s]" of those claims. Id. at 1067. Thus, the first step of the Williams analysis is satisfied. After careful consideration, however, I conclude that the entry of a final judgment should be delayed until all of the plaintiff's claims are resolved.

The plaintiff argues that there is no just reason to delay entry of final judgment against Snethen, FCJC, and Carico Farms because the claims against these defendants were each dismissed "based on [the] same factors and legal analysis." (Pl.'s Mot. at 5, ECF No. 134.) She states, "Accordingly, equity would be best served by the Court issuing final judgments against these Defendants since the basis of any appeals taken by Plaintiff would be similar in nature and could be taken at the same time." (Id. at 5-6.) She adds,

> Judicial economy would also be effectuated by the entry of final judgments . . . as to these Defendants, since, as set forth above, the Court's decisions were based upon the same legal analysis and common set of facts. And as established by the case law of this circuit, there is a great interest in preventing piecemeal appeals. Certifying the judgments as to Defendants [FCJC], Carico [Farms] and Senthen . . . for

5

immediate appeal would undoubtedly prevent any piecemeal appeals.
(Id. at 6.)

It is true that I dismissed the plaintiff's claims against Snethen, FCJC, and Carico Farms "based on [the] same . . . legal analysis." (Id. at 5.) Moreover, the legal analysis that led to the dismissal of those claims does not apply to the plaintiff's remaining claims against Darveau.[1] Nevertheless, I shall not enter a final judgment in favor of Snethen, FCJC, and Carico Farms merely because the plaintiff's claims against them "are in some sense separable from the remaining unresolved claims" against Darveau. Huggins v. FedEx Ground Package System, Inc., 566 F.3d 771, 774 (8th Cir. 2009) (quoting Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980)). Moreover, despite the existence of a legal issue that distinguishes the pending claims from the resolved claims, all of the claims "are closely related and stem from essentially the same factual allegations." Id. at 775 (quoting Hayden v. McDonald, 719 F.2d 266, 270 (8th Cir. 1983)). Under these circumstances, judicial economy "will best be served by delaying appeal until all issues can be confronted by [the Eighth Circuit] in a unified package." Id. (quoting Hayden, 719 F2d at 270).

Also, I fail to see how "[c]ertifying the judgments as to Defendants [FCJC], Carico [Farms] and Senthen . . . for immediate appeal would undoubtedly prevent any piecemeal appeals." (Pl.'s Br. at 6, ECF No. 134.) On the contrary, it seems to me that the best way to reduce the risk of piecemeal appeals is to avoid certifying any

---

[1] Although the plaintiff's claims all sound in negligence, the plaintiff's claims against Darveau do not raise the issue of whether, given the facts alleged in the third amended complaint, the duty of reasonable care can be extended to third parties. (See, e.g., Mem. & Order at 6-15, ECF No. 117.)

6

claims for interlocutory appeal.²

The plaintiff relies heavily on Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980), which states, "It was . . . proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." (Footnote omitted). (See, e.g., Pl.'s Reply to Carico Farms' Br. at 2-4, ECF No. 138.) The plaintiff states that because her resolved claims are "separable" from her remaining claims and "no appellate court would have to decide the same issues more than once" if she were allowed to appeal the resolved claims immediately, the Curtiss-Wright factors are satisfied and a final judgment should be entered on the resolved claims. (See, e.g., Pl.'s Reply to Carico Farms' Br. at 2-4, ECF No. 138.)

Curtiss-Wright does not stand for the proposition that if the two factors

---

² In her reply briefs, the plaintiff argues that "if the same analysis resulted in the three decisions, how can it be considered piecemeal to enter a final appealable judgment as to the same three decisions? If Plaintiff was asking for a final judgment only as to one of the three Defendants and not the other two, then an argument as to the possibility of multiple inconsistent appeals could certainly be created. However, Plaintiff is requesting that the Court can certify all three of the judgments of immediate appeal. Clearly, such an order will effectively 'preserves [sic] the historic federal policy against piecemeal appeals.'" (Pl.'s Reply to Snethen's Br. at 3, ECF No. 136 (footnote and citation omitted). See also Pl.'s Reply to Carico Farms' Br. at 4, ECF No. 138.) The plaintiff seems not to recognize, however, that certifying the resolved claims for interlocutory appeal creates the potential for "piecemeal appeals" because the pending claims will be adjudicated and possibly appealed at some later time. Conversely, by delaying final judgment until all of the claims against all of the defendants are adjudicated (as is the general rule), piecemeal appeals can be avoided.

emphasized by the plaintiff are satisfied, there is no just reason to deny an immediate appeal. On the contrary, the Court stated specifically that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." 446 U.S. at 8. The Court also noted that "[t]he question before the District Court [in Curtiss-Wright] . . . came down to which of the parties should get the benefit of the difference between the prejudgment and market rates of interest on debts admittedly owing and adjudged to be due while unrelated claims were litigated." Id. at 11. This was a significant issue because "the debts in issue were litigated and large, and that absent Rule 54(b) certification they would not be paid for 'many months, if not years' because the rest of the litigation would be expected to continue for that period of time." Id. See also id. at 6, 11-13. The district court concluded that there was no just reason for delaying entry of judgment on the resolved claims because Curtiss-Wright should have the benefit of this difference in interest rates. See id. at 11-13. There are no comparable facts in the instant case indicating that a delay would cause the plaintiff to suffer any sort of hardship.

The plaintiff has failed to raise any considerations that distinguish this case "from any [other] civil action where some, but not all, of the defendants are dismissed before trial." Huggins, 566 F.3d at 774. There is no indication that an immediate appeal is necessary to alleviate some danger of hardship or injustice that would result if the entry of final judgment is delayed until all claims have been adjudicated. See Williams, 687 F.3d at 1067-68 (quoting Hayden, 719 F.2d at 268). In short, "This is simply a case where a number of defendants were sued and some of them have prevailed on a motion to dismiss." Huggins, 566 F.3d at 775 (quoting Bullock v. Baptist Memorial Hospital, 817 F.2d 58, 60 (8th Cir. 1987)).

**IT IS ORDERED** that the plaintiff's motion for the entry of a final judgment in favor of FCJC, Carico Farms, and Snethen, ECF No. 134, is denied.

Dated April 1, 2013.

BY THE COURT

_____
Warren K. Urbom
United States Senior District Judge